TAYLOR, Judge.
This case comes before this court from an adverse judgment rendered by the lower court against plaintiff-appellant after a trial by jury.
The plaintiff had purchased an automobile in 1966 from a dealer in New Orleans and executed a promissory note and chattel mortgage for the purchase price which was held by the defendant-appellee, National Bank of Commerce. Plaintiff moved from this area to Pensacola, Florida and thereafter became in arrears on the monthly payments of his note. Defendant therefore contacted Mr. Tom Williams, d/b/a Moblie Auto Theft Bureau, to act as its agent to secure possession of the plaintiff’s automobile and Mr. Williams sent Mr. W. L. Darnell to contact plaintiff relative to his past due account. Shortly afterwards, on April 23, 1967, someone removed plaintiff’s automobile from his possession without his knowledge or permission. The automobile was recovered in Jackson, Mississippi by plaintiff on May 6, 1967. Plaintiff contends that the defendant is responsible for the conversion of his vehicle.
Plaintiff, in his first assignment of errors, urges that an employer-employee relationship existed between defendant and Tom Williams and that the doctrine of respondeat superior should apply in the instant case. It is plaintiff’s contention that defendant should be held liable for the acts of Tom Williams and/or his agents and employees in allegedly converting plaintiff’s automobile and for any damage sustained by plaintiff as a result thereof. Plaintiff further contends that the trial judge erred in not permitting him to testify relative to an alleged threat made by W. L. Darnell, an employee of Tom Williams, at the time Mr. Darnell contacted him relative to the non-payment of his account. The trial judge ruled that until plaintiff established that an employer-employee relationship existed between the defendant and Tom Williams, he would not permit such testimony.
It is the duty of the trial court to rule on the admissibility of testimony and we find his ruling on this matter was correct. Until an employer-employee relationship was established between defendant and Tom Williams, any testimony relative to statements made by an employee or agent of Tom Williams would not only be hearsay but would also be immaterial to the trial of the suit. It is only the existence of the employer-employee relationship which would make such testimony admissible as an exception to the hearsay rule.
Whether an employer-employee relationship existed between National Bank of Commerce and Tom Williams is a legal question to be determined after the facts of their relationship are established. The plaintiff presented no evidence to show that National Bank of Commerce had entered into an employer-employee relationship. The bank did not employ, supervise, direct or control the time, hours, or manner of work of Tom Williams. The defendant’s relationship with Tom Williams was established initially by a letter of April 14, 1967 directed to Mr. Williams which reads in part as follows:
“Dear Tom:
“Please accept this letter as your authority to repossess on a Voluntary Release basis the above described account.
*317 “This account is delinquent for February and March 30, 1967, with a gross unpaid balance of $1,484.85 with the last payment received on February 27, 1967
“Please hold this account for the unpaid balance on the automobile. * * * ” (Emphasis added)
When plaintiff refused to sign a voluntary release presented to him by Mr. Darnell, defendant sent a second letter to Mr. Williams dated April 17, 1967 which read in part:
“Please consider this letter to be formal authorization to your firm to act as our agent and in our behalf in legal proceedings to obtain seizure of the above described vehicle.
“The original note, mortgage and title are forwarded herewith for the sole purpose of assisting you in the filing of the suit, and we shall expect them to be returned to us after they have served your purpose. * * * ”
(Emphasis added)
These letters clearly demonstrate that the Bank was the principal and Tom Williams was empowered as the Bank’s agent with limited authority to act on the Bank’s behalf.
L.S.A.Const. art. VII § 29 empowers the Court of Appeal to review the findings of the trial court or jury both on the law and the facts. From a study of the entire record we conclude that there is no evidence whatsoever to show that an employer-employee relationship existed between the defendant and Tom Williams. To the contrary the evidence introduced by the defendant, National Bank of Commerce, clearly shows that it gave Tom Williams a mandate to act as its agent with limited authority to repossess plaintiff’s automobile by a voluntary release or by repossession through legal foreclosure proceedings. L.S.A.-C.C. art. 2985.
L.S.A.-C.C. art. 3010 reads as follows:
“The attorney can not go beyond the limits of his procuration; whatever he does exceeding his power is null and void with regard to the principal, unless ratified by the latter and the attorney is alone bound by it in his individual capacity.”
(Emphasis added.)
Therefore, even if plaintiff had proved that his automobile had been taken by Tom Williams or his agent or employee, such taking would have been in direct contravention of the mandate given to Tom Williams, which was to seek a voluntary release or use legal proceedings in obtaining the vehicle. The National Bank of Commerce cannot be held liable for its agent’s or its agent’s employee’s actions when such actions exceed the scope of the procuration which was given. Canovsky v. Bonhage, 12 La.App. 435, 126 So. 252 (1930).
However the plaintiff did not prove by any competent evidence that either the defendant, its agent Tom Williams or Tom Williams’ employees or anyone acting for or in concert with either or both took his automobile. To the contrary Tom Williams and W. L. Darnell took the witness stand and denied taking the vehicle as well as any knowledge as to who did take the automobile. The record is devoid of any testimony or any evidence to show who actually took plaintiff’s automobile.
Plaintiff’s case rests upon the following quote from his testimony to the effect that he had been contacted by Mr. Darnell and asked to voluntarily surrender the automobile and upon his refusal was told that the Bank would get the car:
“Q. Mr. Spicer, on the occasion of April 16, when Mr. Darnell came to your home, I repeat a question I asked earlier, did he in fact threaten if you did not sign a release he would take your car whenever he could find it?
“A. Yes.
*318 “Q. You recall what he told you with reference to [sic]
“A. Yes, sir, he said one day if I did not release, sign this voluntary release that one day we would go downtown shopping or some place and when we come back our car would be gone, that the bank intended to get the car and they would get the car.”
Since the car later was missing plaintiff concluded that it had been converted by Mr. Darnell or Mr. Williams. We note at this time that the above quoted testimony was the testimony referred to in the plaintiff’s first assignment of error. The trial court properly excluded this evidence when timely objection was made. However it was later admitted without objection.
The jury heard and saw all the witnesses in this case and saw and inspected the documents introduced by both parties. They obviously did not believe that the plaintiff had proved his case and rendered a verdict accordingly. We believe that any other verdict would have been erroneous.
The plaintiff’s second assignment of error addresses itself to his request for special charges. Plaintiff submits that the trial court erred in giving all special charges requested by both sides in that this resulted in the giving of conflicting charges. We cannot agree.
When there exists a controversy where one side espouses one theory and the other denies its applicability and claims a different theory both predicated on the entire evidence in the case, it is of necessity that the court give what appears to be conflicting charges. However it is for the jury to determine which charge of the court fits the evidence submitted and what should be the verdict demanded by the law and the evidence. The jury was charged with their responsibility to pass upon the credibility of each witness and give what weight their testimony may deserve or require, if any. This the jury did. We are of the opinion that this assignment of error by plaintiff is also without merit.
Plaintiff’s third assignment of error is that the trial court denied counsel the opportunity to give a closing argument to the jury. After a reading of the record we feel that there is a very real question as to whether counsel waived his right in this, regard. However we need not decide the question of a possible waiver to resolve this assignment of error. Whether plaintiff gave a closing argument or not, the verdict of the jury would have to have been the same. Had the jury returned a verdict in favor of plaintiff on the basis of the record we have before us, we would be forced to reverse. There is not one iota of evidence to substantiate a judgment favorable to plaintiff. Plaintiff has not proved the employer-employee relationship upon which his case was predicated. Indeed there is no ambiguous or conflicting testimony in this regard whatsoever. Neither has plaintiff proved who stole his automobile. Therefore we feel plaintiff’s third assignment of error is without merit.
For the foregoing reasons the judgment of the lower court is hereby affirmed. All costs of these proceedings to be borne by plaintiff-appellant.
Affirmed.